IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS L. T.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Case No. 6:18-cv-02210-JR

ORDER

RUSSO, Magistrate Judge:

    Plaintiff Thomas T. sought judicial review of the Commissioner of Social Security's ("Commissioner") final decision finding him not disabled. Plaintiff argued his disability began at birth in 1993 and that the Administrative Law Judge's ("ALJ") determinations regarding the medical opinion evidence were flawed in four respects. Pl.'s Opening Br. 4 (doc. 16). The Commissioner conceded error, but solely as to one issue, and asserted that remand for further proceedings was warranted because the record as a whole created "serious doubt" that plaintiff was actually disabled. Def.'s Resp. Br. 5-10 (doc. 18). In February 2020, the Court reversed the

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – ORDER

Commissioner's decision, finding that the ALJ erred in regard to each of the four issues raised by plaintiff on appeal, and remanded the case for further proceedings due to ambiguities in the record. See generally Op. & Order (doc. 21).

Plaintiff now moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $14,042.83. Pl.'s Reply to Mot. EAJA Fees 19 (doc. 27). Specifically, plaintiff requests $12,092.96 for pursuing this appeal and the associated motion for EAJA fees – i.e., 4.6 hours in 2018, at the applicable EAJA rate of $ 201.60; and 54.4 hours in 2019 and 2020, at the applicable EAJA rate of $205.25. Id. at 18-19; Pl.'s Mot. EAJA Fees 2 (doc. 23). Plaintiff also requests additional fees-on-fees associated with counsel's EAJA reply brief totaling $1,949.87 – i.e., 9.5 hours, at the applicable EAJA rate of $205.25. Pl.'s Reply to Mot. EAJA Fees 18 (doc. 27).

Under the EAJA, the court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). The court must determine what fee is reasonable, providing a "clear and concise" explanation of the award; however, the court need not portray its "discretionary analysis" as "elaborate mathematical equations." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

It is undisputed that plaintiff is the prevailing party and therefore entitled to attorney fees under the EAJA. Accordingly, the issue before the Court is whether plaintiff's EAJA fee request is reasonable. The Commissioner argues attorney fees should be reduced by approximately forty percent because plaintiff pursued this appeal unnecessarily and several defects appear in counsel's billing statement. Def.'s Resp. to Mot. EAJA Fees 9 (doc. 25). In particular, the Commissioner

notes that he originally sought to settle plaintiff's appeal, stipulating error in regard to the state agency consulting sources' opinions and offering to remand this case for further administrative proceedings; however, plaintiff turned down that offer and continued to seek the payment of benefits unsuccessfully. Id. at 5. The Commissioner contends plaintiff's refusal to settle resulted in an unreasonable use of time given that the ultimate outcome of the case was consistent with the original settlement offer. Id. at 5, 7-8. Additionally, the Commissioner seeks to eliminate the hours plaintiff spent on amending his improper In Forma Pauperis ("IFP") application, as well as fees-on-fees due to counsel's limited success. Id. at 6, 8-9.

The court may award attorney fees even if the plaintiff's request for the payment of benefits is unsuccessful, but the court should nonetheless exclude hours that are excessive, redundant, or otherwise unnecessary. See, e.g., Martin v. Colvin, 2015 WL 6680269, *2 (W.D. Wash. Nov. 2, 2015). The court may identify specific hours that should be eliminated or simply reduce the overall award to account for the plaintiff's limited success. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

Initially, it is undisputed that the hours plaintiff spent amending his improper IFP application should be eliminated. See Pl.'s Reply to Mot. EAJA Fees 13 (doc. 27) (plaintiff agreeing to omit these hours, but disputing the Commissioner's calculation of time related to this task). Although plaintiff argues that counsel only spent 0.9 hours amending his IFP application, the Court finds that a reduction of 1.3 hours is appropriate. The time entries from 1/7/19 through 2/4/19 appear to pertain exclusively to the re-filing of the IFP application, especially given the posture of this litigation at that time. Counsel's contention that a vague entry dated 1/28/2019 – i.e., "E-mails to and from co-counsel re: litigation matter" – concerned a separate subject is neither

persuasive nor sufficiently documented. As such, 0.4 hours are eliminated from plaintiff's fee petition. Pl.'s Mot. EAJA Fees Ex. 1 (doc. 23-1) (1/7/19-2/4/19 entries).

Moreover, the Commissioner's argument that plaintiff's refusal to meaningfully participate in the settlement process contributed to the unnecessary accrual of hours is partially well-taken. Namely, while the Court acknowledges that failed settlement negotiations are likely commonplace during Social Security appeals, given the content of the record here, plaintiff's summary and blanket refusal to consider an outcome other than the payment of benefits was not reasonable. As discussed in the underlying Opinion, the plaintiff's age, living circumstances, and limited work attempts, coupled with his daily gaming habits, created more than the slightest uncertainty that he was disabled. Nevertheless, the success that plaintiff obtained during the appeals process was broader than the stipulation of error that the Commissioner offered during settlement negotiations, such that a significant reduction of plaintiff's hours is not appropriate.

Therefore, the Court exercises its discretion to effectuate a 10% across-the-board "haircut," except in regard to the fees-on-fees sought in relation to plaintiff's EAJA reply brief. See Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) ("district court can impose a reduction of up to 10 percent – a haircut – based purely on the exercise of its discretion and without more specific explanation") (citation and internal quotations omitted). Concerning the latter, those hours are reduced by 25% because the Court finds the 9.5 hours plaintiff spent on the EAJA reply brief excessive given the complexity and novelty of the issues presented, especially given that counsel already billed an additional 6 hours associated with the original fee petition. Pl.'s Mot. EAJA Fees Ex. 1 (doc. 23-1) (2/24/20, 4/1/20, 4/16/20, 4/17/20, 4/22/20, 4/27/20, 4/30/20, and 5/6/20 entries).

In sum, plaintiff's 2018 hours are reduced by 0.5 (10% haircut of 4.6 hours), and plaintiff's 2019 and 2020 hours are reduced by 8.2 (0.4 hours for the improper IFP application + 2.4 hours associated with the EAJA reply brief + 10% haircut of 54 hours). As a result, plaintiff is awarded $826.56 associated with counsel's 2018 work and $11,432.42 associated with counsel's 2019/2020 work.

## CONCLUSION

For the reasons stated above, plaintiff's application for EAJA attorney fees (doc. 23) is granted in part, in that EAJA fees are awarded in the reduced sum of $12,258.98. If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, as discussed in [Astrue v. Ratliff, 560 U.S. 586 (2010)](#), then the check for EAJA fees shall be made payable to Drew L. Johnson, based upon plaintiff's assignment of these amounts to his attorney. Any check for EAJA fees shall be mailed to plaintiff's counsel, Drew L. Johnson, P.C., at 1700 Valley River Drive, Eugene, OR 97401.

IT IS SO ORDERED.

DATED this 22nd day of June, 2020.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge